[No. 3,641.]

## THE STANISLAUS BRIDGE COMPANY v. J. R. HORSLEY.

POWER OF BOARD OF SUPERVISORS OVER TOLLS. — When an Act is passed authorizing the building of a toll bridge across a river, and the collection of such tolls as the Board of Supervisors of the county shall fix, with a proviso that the Legislature may modify or change the rates, the power of the Board of Supervisors in the premises is not exhausted when they once fix the tolls, but the Board may change the same from time to time, subject to the supervisory control of the Legislature.

APPEAL from the District Court of the Fifth Judicial District, County of Stanislaus.

This action was commenced in a Justice's Court to recover fifteen dollars and thirty-five cents, alleged to be due by defendant for tolls on plaintiff's bridge, and was transferred to the District Court for trial, under the provisions of section five hundred and eighty-one of the Civil Practice Act.

By the Act of February 25th, 1862 (Stats. 1862, p. 19), the plaintiff, a corporation then organized, was authorized to build one or more bridges across the Stanislaus River, with the right to use the same as toll bridge or bridges for twenty-five years.

Section third of the Act reads as follows :

"Sec. 3. The said bridge company, upon the completion of one or more of said bridges, shall be authorized and empowered to charge and collect such rates of toll as the Board of Supervisors of Stanislaus County shall fix ; *provided,* that the Legislature may at all times modify or change the rates so fixed by said Board of Supervisors."

The complaint filed in the District Court alleged the erection of one bridge under the law, the fixing of tolls by the Supervisors of said county, and that the defendant and his family had crossed said bridge at various times, and was indebted for tolls in the sum of fifteen dollars and thirty-five cents, which he refused to pay.

The answer of defendant alleged : First, that the order of the Board of Supervisors, fixing the rate of tolls was passed or made on the 5th of May, 1862, and that said bridge was not constructed or completed until August, 1862, and, therefore, said order was without jurisdiction and void; second, that on the 6th day of February, 1872, the Board of Supervisors made a second order, fixing the rate of tolls on said bridge. That according to the rates so last fixed the whole amount due by the defendant for tolls on said bridge is five dollars, and no more, which sum he had tendered to plaintiffs before suit, and which he tendered in Court.

To this answer a demurrer was interposed, on the ground that it did not state facts sufficient to constitute a defense.

The Court sustained the demurrer, and entered judgment for plaintiff for the amount claimed in his complaint, and the defendant appealed.

*D. S. Terry*, for Appellant.

The plaintiff contends that the power of the Supervisors over this bridge was exhausted when they passed the order of May, 1862, and that the rates of toll fixed by that order could only be changed during the continuance of the franchise by the Act of the Legislature.

We do not understand the proviso in the third section of the Act of February, 1862, as a limitation upon the power of the Supervisors, but as a reservation of the right to interfere to protect the corporation on the one hand, and the public on the other, against an abuse of the discretion given to the Board of Supervisors in the Act.

Jurisdiction over toll bridges and ferries is given by the statute to the Board of Supervisors; and the order of February, 1872, which is set out in the answer, is valid and binding, until reversed or annulled by a superior tribunal. It can no more be attacked in a collateral action than the judgment of a Court of record. (*Waugh* v. *Chauncey*, 13 Cal. 11 ; *Fall* v. *Paine*, 23 Cal. 302.)

If plaintiff was dissatisfied with such order, the remedy was by certiorari. (*Fall* v. *Paine*, 23 Cal. 302; *Murray* v. *Supervisors of Mariposa County*, 23 Cal. 492.)

*H. Edgerton* and *A. Hewell*, for Respondent.

The power granted by the Act to the Board of Supervisors was to fix the rate of tolls which the plaintiff should be allowed to charge for crossing its bridge after its completion. This power was exercised by the Board of Supervisors, by their action, on the 5th of May, 1862, which

culminated in the order of that date, under which the plaintiff claims; and we contend that by that order the power became exhausted, for they had the right to fix the tolls, not to unfix or refix them ; and the grant of the former power, *i. e.,* to fix the rate, does not include, but expressly excludes the latter power, for the maxim is : *Expressio unius est exclusio alterius ;* but the power to revise, refix, or alter the tolls fixed by the Supervisors is expressly reserved to the legislators, by the proviso in the same section containing the grant.

The same principle was decided in New York, in a case where the Legislature had invested the President and Directors of a turnpike company with the power to fix their toll gates. This power having been exercised by the company, some years afterward they removed their toll gate to another place ; and the collection of tolls being resisted at the new gate, in an action arising out of the matter, the Court, holding the tolls charged at the new gate to be illegal, said : "We are also inclined to the opinion that where the discretion has been once exercised the power is exhausted." (*Griffin* v. *House,* 18 John. 367 ; *Hartford & D. T. Co.* v. *Baker,* 17 Pick. 432.)

By the COURT :

By the Act of February 25th, 1862 (Stats. 1862, p. 19), the plaintiff was authorized to construct a toll bridge across the Stanislaus River, and "to charge and collect such rates of toll as the Board of Supervisors of Stanislaus County shall fix; *provided,* that the Legislature may at all times modify or change the rates as fixed by said Board of Supervisors." Before the bridge was completed the Board of Supervisors established the rates of toll by an order properly entered in their minutes. But, in February, 1872, by another order duly entered, the Board of Supervisors fixed other and re-

duced rates of toll, and annulled the former order. This action is brought to recover from the defendant tolls which accrued and became due subsequent to the establishment of the new rates; and the principal question in the case is, whether the plaintiff is entitled to recover according · to the rates first established or those subsequently fixed by the Board of Supervisors in February, 1872. The argument for the plaintiff is,· that under the Act of 1862, when the Board of Supervisors had once fixed the rates, its power in the premises was exhausted, and that it could not thereafter modify or change them. But this proposition is not tenable. The reservation to the Legislature of the right to modify or change the rates raises no implication that the Supervisors were prohibited from doing so. On the contrary, it was only intended to remove all doubt as to the power of the Legislature to correct any abuse by the Supervisors of their discretion in the regulation of the rates of toll. But it is clear that, subject to this supervisory control of the Legislature, the Board of Supervisors may, at its discretion, modify or change the rates. We are, therefore, of opinion that the demurrer to the answer ought to have been overruled.

Judgment reversed and cause remanded, with an order to the Court below to overrule the demurrer.·